```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

AMERICAN PREMIER UNDERWRITERS, :
INC., et al.                   :  NO. 1:08-CV-00346
                               :
        Plaintiffs,            :
                               :  **OPINION AND ORDER**
    v.                         :
                               :
                               :
NATIONAL RAILROAD PASSENGER    :
CORPORATION,                   :
                               :
        Defendant.             :
                               :

This matter is before the Court on Plaintiffs' Motion for Reconsideration of the Court's decision granting Defendant's Motion to Stay Proceedings Pending Arbitration (doc. 26), Defendant's Response in Opposition (doc. 29), and Plaintiffs' Reply (doc. 32). For the foregoing reasons, the Court DENIES Plaintiffs' Motion (doc. 26).

**I. Reconsideration**

In the December 3, 2008 Order, the Court granted Defendant's Motion to Stay Proceedings Pending Arbitration (doc. 25). Plaintiffs now seek reconsideration of the Court's ruling (doc. 26). There are three proper bases for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." Playa Marel, 2007 U.S. Dist. LEXIS 85094, at *5; see Am. Marietta, 59 F. App'x at 671 (citing Gencorp, Inc. v.

Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)). Plaintiffs' seek reconsideration under the third prong, arguing that the Court incorrectly applied the Supreme Court's holding in Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440 (2006).

In granting Defendant's Motion, the Court, in its Order, followed the Sixth Circuit ruling in Fazio v. Lehman Bros., Inc., 340 F.3d 386, 392 (6th Cir.2003), in regards to when the Court is to compel arbitration: first, the court must determine whether the parties agreed to arbitrate; second, the court must determine the scope of that agreement. Id. In considering the first point, the Court held:

> It is clear that both parties agreed to arbitration under the 1971 Basic Agreement. Plaintiffs' contention that the arbitration clause in the Basic Agreement is no longer effective due to the expiration and release is not a question for this Court to consider." Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440 (2006); J&N Steel & Erection Co. 8 F. App'x at 386; United Steel Workers of Am. v. Cognis Corp., 2007 U.S. Dist. LEXIS 31976, at *9-10 (S.D. Ohio May 1, 2007) (Dlott, J.) ("questions of expiration or termination are left to the arbitrator")" (doc. 25).

In Buckeye, the Supreme Court held:

> Regardless of whether it is brought in federal or state court, a challenge to the validity of a contract as a whole, and not specifically to the arbitration clause within it, must go to the arbitrator, not the court. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270, and Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1, answer the question

> presented here by establishing three
> propositions. First, as a matter of
> substantive federal arbitration law, an
> arbitration provision is severable from the
> remainder of the contract. See Prima Paint,
> 388 U.S., at 400, 402-404, 87 S.Ct. 1801.
> Second, unless the challenge is to the
> arbitration clause itself, the issue of the
> contract's validity is considered by the
> arbitrator in the first instance. See id., at
> 403-404, 87 S.Ct. 1801. Third, this
> arbitration law applies in state as well as
> federal courts. See Southland, supra, at 12,
> 104 S.Ct. 852 . The crux of respondents' claim
> is that the Agreement as a whole (including
> its arbitration provision) is rendered invalid
> by the usurious finance charge. Because this
> challenges the Agreement, and not specifically
> its arbitration provisions, the latter are
> enforceable apart from the remainder of the
> contract, and the challenge should be
> considered by an arbitrator, not a court.

Plaintiffs' argument is that they were only challenging the expiration of the arbitration clause, and not the 1971 Basic Agreement as a whole, and therefore, the Court should have considered the validity of the arbitration clause (doc. 26). Under Buckeye, Plaintiff is correct in that "district courts may consider claims concerning the validity of the arbitration clause itself, as opposed to challenges to the validity of the contract as a whole." Cf. Preston v. Ferrer, 128 S.Ct. 981 (2008). While the Court did not expressly state that it was applying Buckeye because Plaintiffs were challenging the expiration of the Basic Agreement as a whole, the Court did find that "Plaintiffs' Complaint cannot be maintained without reference to the Basic Agreement and the parties'

contractual relationship" (doc. 25). Therefore, the Court holds that its ruling was correct under <u>Buckeye</u>, because Plaintiffs' claims are based on the whole of the Basic Agreement. Therefore, the Court finds that no clear error occurred and reconsideration is unwarranted.

In the alternative, even had the Court considered the expiration of the arbitration clause and determined that it had in fact expired, because the Court has held that each of Plaintiffs' claims is based upon and cannot be maintained without reference to the consideration exchanged under the Basic Agreement, a holding that Plaintiffs do not challenge, Plaintiffs' claims are still presumptively arbitrable notwithstanding expiration of the Basic Agreement. See <u>Nolde Bros., Inc. v. Bakery & Confectionery Workers Union, Local No. 358</u>, 430 U.S. 243, 252 (1977); <u>Zucker v. After Six, Inc.</u>, 174 F. App'x 944, 946 (6th Cir. 2006); <u>S. Cent. Power Co. v. IBEW, Local Union 2359</u>, 186 F.3d 733, 740 (6th Cir. 1999).

**II. Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)**

Plaintiffs contend that if the Court does not choose to reconsider its Order, then the Court should certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (doc. 26). The Court has discretion to certify an interlocutory appeal if: (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance

the ultimate termination of litigation. 28 U.S.C. § 1292(b). Cardwell v. Chesapeake & Ohio Ry. Co., 504 F.2d 444, 446 (6th Cir. 1974). Certification of an interlocutory order under 28 U.S.C. § 1292(b) should be granted "sparingly and only in exceptional cases." In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002).

Plaintiffs contend that all three parts of the test are met (Id.). The Court disagrees. A legal issue is "controlling" if it could materially affect the outcome of the case. In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002). As the Court found in its December 3, 2008 Order, and reiterated here, each of the parties' claims is based upon and cannot be maintained without reference to the Basic Agreement, and therefore are presumptively arbitrable notwithstanding expiration of the Basic Agreement (doc. 25). The question of who decides, the Court or the arbitrators, whether the arbitration clause has expired is therefore not a controlling question. Further, as discussed above, the Court premised its decision on the Supreme Court's ruling in Buckeye, 546 U.S. 440, which Plaintiffs agree is the controlling precedent, and therefore the Court finds there is not a substantial ground for difference of opinion regarding the correctness of the decision. For these reasons, the Court declines to certify an interlocutory appeal of the December 3, 2008 Order.

**III. Penn Central Reorganization Court**

Finally, Plaintiffs request, if the Court denies both

reconsideration and certification, that the Court transfer this matter to Judge Fullam of the United States District Court for the Eastern District of Pennsylvania for interpretation of the 1971 Basic Agreement and Arbitration Agreement (doc. 26). Judge Fullam presided over Plaintiff American Premier Underwriters ("APU") (then called Penn Central Corporation) bankruptcy and reorganization (Id.). In his approval of the 1971 Basic Agreement, Judge Fullam reserved jurisdiction "during the pendency of these reorganization proceedings" for matters under the Basic Agreement or Arbitration Agreement, which were resolved by arbitration. In re Penn Cent. Transp. Co., Bankr. No. 70-347, Order No. 238 (E.D. Pa. April 27, 1971). Reorganization proceedings concluded and a Consummation Order and Final Decree was issued on August 17, 1978 (Id.). In the Consummation Order, Judge Fullam reserved jurisdiction "[t]o consider and act in respect of any claim of any of the Debtors or Trustees, in respect of any petition or matter pending before the Court as of the Consummation Date or in respect of any agreement or matter to which any of the Trustees or Debtors is a party, as to which the Court presently has asserted jurisdiction and which has not been adjudicated, discharged, resolved or terminated as of the Consummation Date." The 1971 Basic Agreement on which Plaintiffs' claims are based was adjudicated in 1971, and therefore was not an open matter as of the Consummation Date in 1978. For these reasons, the Court finds there is no basis to transfer this matter

to Judge Fullam.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES Plaintiffs' Motion (doc. 26).

SO ORDERED.

Dated: April 8, 2009   /s/ S. Arthur Spiegel
                      S. Arthur Spiegel
                      United States Senior District Judge