UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| American Premier Underwriters, Inc., et. al., | : | Case No. 1:08-cv-346 |
| Plaintiffs, | : | |
| vs. | : | |
| National Railroad Passenger Corporation, | : | |
| Defendant. | : | |

**ORDER**

Plaintiffs have filed a motion under F.R.C.P. 59(e), asking the Court to reconsider its Opinion and Order of February 23, 2015.  In that Order, this Court granted Defendant's motion to dismiss Count IV of Plaintiffs' complaint, finding that claim accrued no later than October 1, 2002.  Plaintiffs' complaint, filed May 19, 2008, was therefore time-barred by the applicable three-year statute of limitations.  (Doc. 95) Plaintiffs' motion argues that the Court committed a clear error of law, resulting in a manifest injustice.  (Doc. 97)  Defendant opposes the motion (Doc. 98), and Plaintiffs filed a reply.  (Doc. 100)

A motion for reconsideration is disfavored, but may be granted if the Court commits a clear error of law; if newly discovered evidence which was not available previously is presented; if there is an intervening change in controlling law; or to prevent "manifest injustice."  Gencorp Inc. v. American Int'l Underwriters Co., 178 F.3d 804, 834 (6th Cir. 1999).  Plaintiffs contend that this Court clearly erred in concluding that its procedural due process claim accrued no later than October 1, 2002, because the Court did not explicitly consider a 2004 Congressional conference committee report that

accompanied a 2005 federal omnibus spending bill. In that report, Plaintiffs note that the conference committee "urged" Amtrak and its common stockholders (including Plaintiffs) to resolve the matter of stock redemption "expeditiously." Plaintiffs suggest that this report should be treated as authoritative legislative history of the 1997 ARAA, which established the October 1, 2002 stock redemption deadline. And Plaintiffs contend that because Congress "directed" the parties to resolve the redemption dispute, it must have intended to extend the October 1, 2002 deadline.

The Court rejects Plaintiffs' argument. As this Court previously observed, nothing prevented Plaintiffs from taking appropriate steps to preserve their due process claim against Amtrak, such as by filing a timely lawsuit or obtaining a tolling agreement. The Court does not view a Congressional committee's expression of impatience, "urging" the parties to resolve a dispute, to be of legally binding significance in determining the date of claim accrual. Congress did not amend the 1997 ARAA or alter the language it used in that statute: "Amtrak **shall, before October 1, 2002, redeem all common stock** previously issued, for the fair market value of such stock." (emphasis added) Plaintiffs concede that Amtrak offered to redeem the stock well before that deadline; the remaining dispute was not about a refusal to redeem per se, but about the fair market value of the stock at that time.

Plaintiff cites <u>Sioux Tribe of Indians v. United States</u>, 316 U.S. 317 (1942), and <u>California by Brown v. Watt</u>, 683 F.2d 1253 (9th Cir. 1982), for the principle that post-enactment Congressional committee statements may be relevant and helpful in interpreting federal legislation. But the facts of those cases are inapposite. For

-2-

instance, in California v. Watt, the Ninth Circuit considered the scope and meaning of the phrase "directly affecting the coastal zone" used in the Coastal Zone Management Act (16 U.S.C. §1456(c)(1)), in considering the state of California's challenge to the Interior Secretary's decision to grant oil leases off the California coast. The legislative history included post-enactment committee reports suggesting that Congress intended the phrase "directly affecting" to be broadly interpreted. In this case, however, there is no need to interpret broadly or ambiguously worded legislation. The ARAA is clear and unambiguous, and established a deadline by which redemption at fair market value must occur.

Plaintiffs also contend that the Court clearly erred in concluding that the claim accrued on October 1, 2002 because that conclusion contradicts Plaintiffs' well pleaded factual allegations. The complaint alleges that between 2004 and 2007, the parties engaged in negotiations about the redemption price, and entered into a Confidentiality Agreement to protect proprietary information exchanged during those negotiations. Plaintiffs previously presented these arguments in opposing Amtrak's motion to dismiss, and the Court rejected them. This Court specifically held:

> APU contends that despite Amtrak's unequivocal offer of 3 cents per share in 2000, and APU's unequivocal rejection of that offer, Amtrak did not clearly and unambiguously fail to afford APU due process until January 2008, when Amtrak broke off their negotiations. To accept that contention would be tantamount to concluding that a statute begins to run "only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." Wallace v. Kato, 549 U.S. at 391. And such a result contravenes the basic purpose of a limitations period.

(Doc. 95, February 23, 2015 Order at 11-12) Plaintiffs' reiterated and restated

arguments about the negotiations between the parties do not persuade the Court that it should reconsider this conclusion.

The Court also concludes that no "manifest injustice" arises from the Court's Order. Black's Law Dictionary defines "manifest" as "Evident to the senses, ... obvious to the understanding, evident to the mind, not obscure or hidden ... and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable ... ". Plaintiffs obviously disagree with this Court's conclusion. But their motion does not persuade the Court that the errors they cite were "manifest" such that reconsideration by this Court is warranted.

For all of the foregoing reasons, Plaintiffs' motion to reconsider or alter the February 23, 2015 Order (Doc. 97) is DENIED.

SO ORDERED.

DATED: June 8, 2015                     s/Sandra S. Beckwith
                                        Sandra S. Beckwith, Senior Judge
                                        United States District Court